IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO: 1:16-CV-04118-RWS-CMS |
| v. ) ) | |
| EL CHAPARRO, INC. d/b/a EL CHAPARRO TEX-MEX CANTINA, ) ) ) ) | |
| Defendant. ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Bobbie Barnhart, Barbara Patton, Brianna Parker, and Lauryn Sanders (the "Claimants") were subjected to discrimination based on their sex when they were sexually harassed by an owner of Defendant El Chaparro, Inc., d/b/a El Chaparro Tex-Mex Cantina ("El Chaparro").

The Commission and El Chaparro hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly

before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

1. El Chaparro shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII, including by sexually harassing its employees.

2. El Chaparro shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3. El Chaparro, in settlement of all alleged claims, shall provide to the Claimants the gross amount of Twenty Thousand Dollars ($20,000.00) in monthly installments as set forth below. The total amounts to be paid to the respective Claimants, after all monthly installments are paid, is as follows:

| | |
|---|---|
| Barbara Patton | $5,000 |
| Bobbie Barnhart | $5,000 |
| Lauryn Sanders | $5,000 |
| Brianna Parker | $5,000 |

El Chaparro shall pay the amount of $20,000 in eight (8) equal monthly installments of $2,500 over a period of 8 months, the first of which is to be made by May 15, 2017. Each of these eight (8) monthly payments shall be due and payable on the same monthly date on which the first payment was made. Thus, since the first payment is due on the 15th of the month of May, then the subsequent seven (7) payments shall also be due on the 15th of each successive month. The date upon which the settlement payments are mailed, as evidenced by a postmark, shall constitute the payment date for these purposes.

The monthly checks to each Claimant are to be made payable as follows:

|                  | Months 1-8 |
|------------------|------------|
| Barbara Patton   | $625       |
| Bobbie Barnhart  | $625       |
| Lauryn Sanders   | $625       |
| Brianna Parker   | $625       |

Within five (5) calendar days of issuing the checks to each Claimant, El Chaparro will email a copy of the checks to the EEOC at EEOC-ATDO-decree-monitoring@eeoc.gov. Neither the Commission nor El Chaparro make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties, and/or costs that the Claimants may or may not incur on such payments under local, state, and/or federal law.

If any monthly payment to any of the Claimants under this Decree is not made within five (5) calendar days after the date on which it is due, the EEOC must notify El Chaparro within seven (7) calendar days of the due date that it considers El Chaparro to be in default of its payment obligations under this Decree. El Chaparro will then have five (5) calendar days from the date of notice of default by the EEOC within which to cure the default. If El Chaparro fails to cure the default within five (5) calendar days from the date of notice by the EEOC, El

4

Chaparro understands and agrees that it will be considered to be in default of the monetary settlement terms of this Decree. Upon making a requisite showing to the Court of El Chaparro's default in this matter by the EEOC, El Chaparro further consents to the Court entering a default judgment against it in the amount of Forty Thousand Dollars ($40,000.00) plus pre-judgment interest accruing from the date of El Chaparro's default to the date that the Court awards the default judgment.

4. Within ten (10) calendar days of the entry of this Consent Decree by the Court, El Chaparro shall eliminate from the employment records of the Claimants any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Numbers 410-2015-00087, 410-2015-00089, 410-2015-00090, and 410-2015-00091 (the "Charges"), and the related events that occurred thereafter, including this litigation. Within fifteen (15) calendar days of the entry of this Consent Decree by the Court, El Chaparro shall report compliance with this provision to the EEOC at EEOC-ATDO-decree-monitoring@eeoc.gov.

5. If El Chaparro is contacted by anyone seeking an employment reference for any of the Claimants or inquiring as to their employment with El Chaparro, El Chaparro agrees to provide only a neutral reference that shall not make reference to, or be affected or influenced by, the facts and circumstances

5

underlying the allegations in the Charges or the Complaint.

6. Within ninety (90) calendar days of the entry of this Consent Decree by the Court, El Chaparro shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sexual harassment; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. El Chaparro shall distribute to each current employee a copy of the policy within the aforementioned ninety (90) day time period. Within one hundred (100) calendar days of the entry of this Consent Decree, El Chaparro shall report compliance to the Commission. During the term of this Consent Decree, El Chaparro shall distribute the policy to all new employees and review it with them at the time of hire.

7. During the term of this Consent Decree, El Chaparro shall post a copy of the policy described in paragraph 6, *supra*, in its restaurant in Covington, Georgia (and in any new locations or any new restaurants opened during the term of this Consent Decree) in a place where it is visible to employees. If the policy becomes defaced or unreadable, El Chaparro shall replace it by posting another copy of the policy. Within 100 calendar days after the Consent Decree is entered,

El Chaparro will post the policy and notify the Commission that it has been posted.

8. During the term of this Consent Decree, El Chaparro shall provide an annual training program to all of its owners, managers, supervisors, and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964 and its prohibition against sexual harassment in the workplace. Each training program shall include an explanation of El Chaparro's policy referenced in paragraph 6 above and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) calendar days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals thereafter. At least fifteen (15) calendar days prior to each program, El Chaparro shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. El Chaparro should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) calendar days of submission of the agenda. Within ten (10) calendar days after completion of each training program, El Chaparro shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9.      Beginning within thirty (30) calendar days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, El Chaparro shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in a place where it is visible to employees at its restaurant (and in any new locations or any new restaurants opened during the term of this Consent Decree). Within forty-five (45) calendar days after entry of this Consent Decree, El Chaparro shall notify the Commission that the Notice has been posted pursuant to this provision.

El Chaparro shall not withhold the right of the EEOC to enter upon its premises to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable, El Chaparro will ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified within five (5) calendar days of discovering the defective Notice.

10.     During the term of this Consent Decree, El Chaparro shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will state whether any employee has complained about sexual harassment or filed an internal or external complaint of sexual harassment. If an employee has so complained, then the summary report shall include the following information:

8

(a) The date of the complaint or report;

(b) The name of the person making the complaint or report;

(c) The name and title of the person against whom the complaint or report was made;

(d) The nature of the complaint or report;

(e) The name and title of the El Chaparro official to whom the complaint or report was made;

(f) A description of how the complaint or report was resolved by El Chaparro, including any personnel action(s) taken by El Chaparro in connection to the complaint or report.

The required report shall be addressed and sent to the EEOC at <u>EEOC-ATDO-decree-monitoring@eeoc.gov</u>.

In the event there is no activity to report pursuant to this paragraph, El Chaparro shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect El Chaparro's restaurant and any new locations or new restaurants opened during the term of the Consent Decree, interview employees, and examine and copy documents.

12. If at any time during the term of this Consent Decree, the Commission believes that El Chaparro is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to El Chaparro. El Chaparro shall have ten (10) calendar days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) calendar days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Consent Decree shall be for five (5) years from its entry by the Court.

14. All notices to El Chaparro by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Daryl Hughes at hugheselectricservices@gmail.com. If at any time during the term of this Consent Decree El Chaparro's designated point of contact changes, El Chaparro shall notify the Commission and provide contact information for a new designated point of contact within ten (10) calendar days of the change.

15. All reports or other documents sent to the Commission by El Chaparro pursuant to this Consent Decree shall be sent by electronic mail to: EEOC-ATDO-decree-monitoring@eeoc.gov.

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

**BY CONSENT**:

Counsel for Plaintiff:  /s/ Steven A. Wagner
Steven A. Wagner
Georgia Bar No: 000529

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION- Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303

Counsel for Defendant:  /s/ Abigail J. Larimer
Abigail J. Larimer (by SAW w/permission)
Georgia Bar Number 999229
Martenson, Hasbrouk & Simon, L.L.P.
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326

SO ORDERED, this the 8th day of May, 2017.

_____
United States District Court Judge
Northern District of Georgia, Atlanta Division

11

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 1:16-CV-04118-RWS-CMS |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **EMPLOYEE NOTICE** |
| EL CHAPARRO, INC. d/b/a EL CHAPARRO TEX-MEX CANTINA, | ) ) ) ) ) | |
| Defendant. | ) ) | |

1. This notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and El Chaparro, Inc., in a case of discrimination based on sex. Specifically, the EEOC alleged El Chaparro discriminated against the claimants by subjecting them to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). As part of the settlement, El Chaparro agreed to pay monetary damages to the claimants and to take other actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. El Chaparro, Inc., will comply with such federal law in all respects. Furthermore, El Chaparro, Inc., will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance, or participated in any investigation,

**EXHIBIT "A"**

proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, visit www.eeoc.gov, or call 1-800-669-4000 (TTY: 1-800-669-6820). Individuals are free to make complaints of employment discrimination to the United States Equal Employment Opportunity Commission, Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

This Notice will remain posted for at least five (5) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2022.